OPINION
SMITH, Circuit Judge.
Landon John Plate pleaded guilty to one count of possession of material depicting the sexual exploitation of a minor in violation of 18 U.S.C. § 2252(a)(4)(B). Pursuant to U.S.S.G. § 2G2.2(a)(l), the District Court calculated a base offense level of 18. After four enhancements under U.S.S.G. § 2G2.2 and one downward adjustment, Plate’s total offense level was 28 and his criminal history score was zero. Based on these calculations, Plate’s advisory Guidelines range was 78 to 97 months of imprisonment. Plate requested a downward variance to a sentence of five years of probation without jail time. The District Court sentenced him to 36 months imprisonment and 15 years of supervised release. Plate appeals that sentence. We will affirm the judgment of the District Court.[1]
I.
We review Plate’s sentence for an abuse of discretion. Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); United States v. Tomko, 562 F.3d 558, 567 (3d Cir.2009) (en banc). Our review for abuse of discretion “proceeds in two stages.” Tomko, 562 F.3d at 567. First, we ensure that “the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, ... failing to consider the § 3553(a) factors, ... or failing to adequately explain the chosen sentence[.]” Id. If a district court’s procedure was correct, we then consider the sentence’s substantive reasonableness. Id. Our review for substantive reasonableness is highly deferential. Id. at 568. We will affirm the sentence “unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided.” Id.
Plate’s claims of error draw heavily on Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). Kimbrough made clear that “sentencing courts may disagree with the Guidelines based on policy.” United States v. Thielemann, 575 F.3d 265, 272 n. 12 (3d Cir.2009) (citing Kimbrough and Spears v. United States, 555 U.S. -, 129 S.Ct. 840, 843, 172 L.Ed.2d 596 (2009)). In Kimbrough, the Supreme Court held that a sentencing court did not abuse its discretion when it varied downward from the crack cocaine Sentencing Guidelines based on its policy disagreement with those Guidelines over the sentencing disparities between crack and powder cocaine. Kimbrough, 552 U.S. at 110, 128 S.Ct. 558. The Court’s reasoning was based in part on the fact that the crack cocaine Guidelines were largely the product of mandatory minimum sentences dictated by Con *320 gress, and were not created by the United States Sentencing Commission on the basis of “empirical data and national experience.” Id. at 109, 128 S.Ct. 558.
In the District Court, Plate analogized the crack cocaine Guidelines at issue in Kimbrough to the child pornography Guidelines at issue here. He argued for a downward variance on the ground that the provisions of U.S.S.G. § 2G2.2, like the crack cocaine Guidelines, are the product of statutory directives, not a reasoned analysis of empirical data and national experience by the Sentencing Commission. On appeal, Plate argues that his sentence was both procedurally and substantively flawed. First, he contends that the District Court committed procedural error by failing to “adequately explain [its] chosen sentence.” Tomko, 562 F.3d at 567. Specifically, he argues that the District Court failed to address his argument that he was entitled to a downward variance based on his Kimbrough analogy. We disagree. The District Court granted Plate a sentence that was well below the Guidelines range. The bottom of Plate’s Guidelines range was six and a half years of prison. After analyzing the sentencing factors of 18 U.S.C. § 3553(a), the District Court imposed a sentence of only three years. This was a downward variance, and a significant one at that. See United States v. Brown, 578 F.3d 221, 226 (3d Cir.2009) (explaining that a variance is a “discretionary change[] to a guidelines sentencing range based on a judge’s review of all the § 3553(a) factors”).
To the extent that Plate contends that the District Court failed to address his specific argument for a variance based on Kimbrough, we are not persuaded. At sentencing, the Court engaged in an extensive colloquy with counsel for the government concerning the Guidelines’ “rationale” and “theory” for sentencing individuals such as Plate who possess, but do not produce, child pornography. The District Court clearly recognized its freedom under Kimbrough to impose a below-Guidelines sentence based on policy disagreements with the Guidelines, and in fact exercised that freedom by granting Plate a substantial downward variance after a thorough analysis of the sentencing factors.[2]
Plate further argues that his sentence was substantively unreasonable under Kimbrough because the District Court employed invalid Guidelines in determining his sentence. He claims that U.S.S.G. § 2G2.2 was “flawed at its inception” because it was “impermissibly” formulated on the basis of statutory directives, not empirical data and national experience, and that the District Court abused its dis *321 cretion by using it as a starting point for his sentence.
This argument stretches the Kimbrough decision well past its breaking point. Kimbrough did not hold that it is “imper-missibl[e]” for a Guideline to be formulated based on statutory directives. It held only that when that Guideline is based on statutory directives, as opposed to “empirical data and national experience,” a court may choose to give that Guideline less weight. Kimbrough, 552 U.S. at 109, 128 S.Ct. 558. It did not hold that a sentencing court must vary from the Guidelines under such circumstances; it held only that it is not an abuse of discretion to do so. Id. at 110, 128 S.Ct. 558. Likewise, Kimbrough did not hold that the District Court’s use of a Guideline based on statutory directives to fashion a sentence makes that sentence substantively unreasonable. Where a sentence is otherwise reasonable, “no justification exists [under Kimbrough ] for reversing the District Court [solely] because of its reliance on a currently valid Guideline.” Thielemann, 575 F.3d at 272 n. 12. In short, neither Kimbrough nor anything in this record persuades us that Plate’s sentence is substantively unreasonable. Therefore, we will uphold it. See Tomko, 562 F.3d at 568.
II.
Plate’s final argument is that the District Court committed procedural error by failing to consider his personal history and characteristics in determining his sentence. See 18 U.S.C. § 3553(a)(1). Plate contends that his character and positive attributes warranted a downward variance, and that the District Court erred by failing to explain why it did not agree. As evidence of his good character and positive attributes, Plate cites a letter to the Court, written by Plate’s grandmother and attached as an exhibit to his Sentencing Memorandum. The letter describes Plate as an “attentive grandson” who is “gentle,” “pleasant,” and “respectful to others.” As further evidence of his good character, Plate also cites his steady employment, his relationship with his daughter, and his participation in counseling and other post-offense rehabilitation.
We conclude that the District Court’s analysis of the sentencing factors, including § 3553(a)(1), was “informed and adequate,” and thus the Court committed no error. See Thielemann, 575 F.3d at 271. “A sentencing court does not have to discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing.” Tomko, 562 F.3d at 568 (emphasis in original) (internal quotation marks omitted).
Here, the record makes clear that the District Court took Plate’s history and characteristics into account in deciding his sentence. At the sentencing hearing, the Court explicitly acknowledged its duty to consider all of the § 3553(a) factors, including “the character of the Defendant.” Furthermore, the Court acknowledged reading the letter from Plate’s grandmother discussing Plate’s positive characteristics. It heard extensive arguments about Plate’s positive attributes from his lawyer, and a lengthy discussion of Plate’s “characteristics” as revealed by a pre-sentenc-ing psychological exam conducted by Dr. Robert Coufal. The Court clearly read and considered Dr. Coufal’s report. It explicitly relied on Dr. Coufal’s conclusions in announcing the sentence, noting that there was “no evidence that [Plate] is ... a pedophile or is likely to be a pedophile.” The District Court also discussed Plate’s psychiatric background, his sexual preferences, and his sexual impulses during sentencing. He specifically noted that Plate had no “history” of actual sexual contact *322 with children. All of this demonstrates that the District Court considered Plate’s personal history and characteristics, and it bears repeating that after considering those characteristics the District Court did grant Plate a substantial downward variance.[3]
The record “more than adequately demonstrates the Court’s meaningful consideration” of the § 3553(a) factors, including Plate’s history and characteristics. See United States v. Lessner, 498 F.3d 185, 203 (3d Cir.2007). Ultimately, Plate’s quarrel with the District Court is not that it failed to consider his personal attributes, but that the Court’s assessment of those attributes did not result in a downward variance that was as dramatic as Plate desired. That is no reason to invalidate a sentence. United States v. Bungar, 478 F.3d 540, 546 (3d Cir.2007) (noting that the District Court’s “failure to give mitigating factors the weight a defendant contends they deserve” does not make a sentence unreasonable); Lessner, 498 F.3d at 204-05 (same). See also Tomko, 562 F.3d at 568 (noting that we are “‘highly deferential’ to the sentencing court’s application of the § 3553(a) factors”).
Accordingly, we will affirm the judgment of the District Court.

. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This Court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

. Even if the District Court had wholly ignored Plate’s Kimbrough argument, this would not have been error. The District Court must consider any non-frivolous argument that is properly presented, has “color-able legal merit,” and has a "factual basis” in the record. United States v. Ausburn, 502 F.3d 313, 329 (3d Cir.2007). Here, the record contains no attempt by Plate to substantiate, through a historical analysis or actual record evidence, his claim that the child pornography Guidelines lack empirical support. Cf. Kimbrough, 552 U.S. at 94-100, 128 S.Ct. 558 (conducting a thorough analysis of the genesis and evolution of the crack cocaine Guidelines before concluding that they did not reflect "empirical data and national experience”); United States v. Grober, 595 F.Supp.2d 382 (D.N.J.2008), appeal docketed, No. 09-1318 (3d Cir. Feb. 5, 2009) (granting a downward variance from the prison term prescribed by the child pornography Guidelines, but on the basis of a voluminous factual record, which included testimony from sentencing experts, concerning the history of and empirical support for those Guidelines). Therefore, Plate's Kimbrough argument lacked a "factual basis” in the record, Ausburn, 502 F.3d at 329, and the District Court was free to disregard it.

. Plate's trial counsel’s recognition of that fact may explain why he conspicuously failed to object at sentencing to the District Court’s now-alleged failure to address the request for a variance.